IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-45,219-03






EX PARTE DOMINIQUE JEROME GREEN, Applicant








ON MOTION FOR EXTRAORDINARY RELIEF


FROM HARRIS COUNTY






 Price, J., filed a statement dissenting to the dismissal of the writ application.



S T A T E M E N T




 I continue to believe that the Court should stay the execution in this case because of
the problems with the Houston Police Department Crime Lab. (1) I write again because I
disagree with the Court's conclusion that the applicant has not met the requirements of
Code of Criminal Procedure Article 11.071, Section 5.

 Section 5 permits the Court to consider the merits of a subsequent application for
writ of habeas corpus if the factual basis for the claim was unavailable when the applicant
filed his initial application. (2) Section 5(e) says that the "a factual basis of a claim is
unavailable on or before a date described by Subsection (a)(1) if the factual basis was not
ascertainable through the exercise of reasonable diligence on or before that date."

 The applicant's initial application was denied May 31, 2000. The problems with the
Houston Police Department Crime Lab did not come to light until late in 2002. The
applicant has met the requirements of Section 5. Once a defendant has met the
requirements of Section 5, we should remand to the convicting court for findings of fact
and conclusions of law. (3)

 I would grant the stay of execution and remand the case for findings. Because a
majority of the Court votes otherwise, I respectfully dissent.


Filed: October 26, 2004.

Publish.
1. See Ex parte Green, No. WR 45,219-02 (Tex. Crim. App. Sept. 21, 2004) (Price, J.,
dissenting).
2. Tex. Code Crim. Proc. Art. 11.071, § 5(a)(1).
3. Tex. Code Crim. Proc. Art. 11.071, § 6(b).